# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1453
_____

United States of America

*Plaintiff - Appellee*

v.

Pouk Kang Kang

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 13, 2026
Filed: July 20, 2026
[Unpublished]
_____

Before KELLY, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Pouk Kang Kang was charged with one count of possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, arguing § 922(g)(1) violates his right to possess firearms under the Second

Amendment. The district court[1] denied the motion, finding Kang's arguments foreclosed by this circuit's precedent. Kang then entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss.

On appeal, Kang asserts that the class of individuals who are prohibited from possessing a firearm due to a prior felony conviction is too broad, contending that some modern-day felonies involve significantly less serious conduct than crimes recognized at the time the Second Amendment was ratified. However, to adopt this argument would be to require an assessment of each prior felony conviction, and we have held that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." United States v. Jackson, 110 F.4th 1120, 1125 (8th Cir. 2024). Kang also argues that a permanent or lifetime ban on the ability to possess a firearm is facially unconstitutional, but we have held to the contrary. United States v. Bernard, 136 F.4th 762, 765 (8th Cir. 2025) (describing Jackson as holding "that the permanent prohibition of § 922(g)(1) is indeed constitutional").

The judgment of the district court is affirmed.

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.